UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LUIS R. DELVALLE,<br><br>                               Plaintiff,<br><br>                -against-<br><br>ANTHONY ANNUCCI, Commissioner of the New York State Department of Corrections, individual and official capacity,<br><br>                               Defendant. | 1:20-CV-2134 (CM)<br><br>TRANSFER ORDER |

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff Luis R. Delvalle, who is currently incarcerated in the Green Haven Correctional Facility, brings this *pro se* action invoking the Court's federal-question jurisdiction. He sues Anthony Annucci, the Acting Commissioner of the New York State Department of Corrections and Community Supervision, and he seeks damages. For the following reasons, the Court transfers this action to the United States District Court for the Western District of New York.

Under 28 U.S.C. § 1391(b), a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Under § 1391(c), a "natural person" resides in the district where the person is domiciled. § 1391(c)(1).

Plaintiff does not allege where the defendant resides. But he alleges that the events that are the basis of his claims occurred at the Willard Drug Treatment Campus, in Willard, Seneca County, New York, which is within the Western District of New York. *See* 28 U.S.C. § 112(d). Because Plaintiff does not allege that the defendant resides in this judicial district or that the

events or omissions giving rise to his claims occurred in this judicial district, venue is not proper in this Court under § 1391(b)(1) or (2). Rather, the United States District Court for the Western District of New York is the proper venue for this action. *See* 28 U.S.C. §§ 112(d), 1391(b)(2). The Court therefore transfers this action to the United States District Court for the Western District of New York. *See* 28 U.S.C. § 1406(a).

## CONCLUSION

The Court directs the Clerk of Court to mail a copy of this order to Plaintiff and note service on the docket.

The Court also directs the Clerk of Court to transfer this action to the United States District Court for the Western District of New York. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes this action.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: March 12, 2020
       New York, New York

                                            COLLEEN McMAHON
                                        Chief United States District Judge